**In re BALDWIN–UNITED CORPORATION et al., Debtors and Debtors in Possession.**

**No. C–1–84–1139.**

United States District Court, S.D. Ohio, W.D.

Aug. 16, 1984.

DECISION AND ENTRY OVERRULING
MOTION TO WITHDRAW REFER-
ENCE; DECISION AND ENTRY
OVERRULING MOTION TO STAY

RICE, District Judge, Sitting by Designation.

This case is before the Court on a motion of the Common Stockholders' Committee, made pursuant to § 157(d) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 98 Stat. 341, for withdrawal of the reference of the motion of the debtors to authorize the disposition of partnership assets in the Central Colorado Company, and for an order staying the related Bankruptcy Court proceedings pending resolution of said motion.

In relevant part, § 157(d) provides:

The District Court shall, on timely motion of a party ... withdraw a proceeding [from the Bankruptcy Court] if the Court determines that resolution of the proceeding requires consideration of both Title 11 *and* other laws of the United States regulating organizations or activities affecting interstate commerce. (emphasis added)

In the present case, movants argue that resolution of the matter before the Bankruptcy Court will require consideration of both Title 11 *and* the Bank Holding Company Act of 1956, 12 U.S.C. § 1841 *et seq.*

In order to come within the ambit of this provision of § 157(d), a movant must establish three predicates: First, the movant must be a party. Second, the motion must be timely. Third, resolution of the proceeding before the Bankruptcy Court must require consideration of both Title 11 *and* other laws of the United States regulating organizations or activities affecting interstate commerce.

The Common Stockholders' Committee is a party. Accordingly, the Court concludes that this first predicate has been met. Second, as to "timeliness", § 157(d) does not contain a definition of that term. In addition, regardless of which definition should ultimately be utilized, the Court is unable to conclude, based upon the present state of the record, whether the present motion is or is not timely. Accordingly, the Court will direct the Bankruptcy Judge to hold a hearing on this issue, and to make findings of fact and conclusions of law on whether the present motion was filed in timely fashion. Parenthetically, the Court does not consider it necessary, at present, to resolve this question, because the Court concludes below that resolution of the proceedings before the Bankruptcy Court do not require consideration of both Title 11 *and* other laws of the United States which regulate organizations or activities affecting interstate commerce. The Bankruptcy Judge's findings and conclusions on the

issue of timeliness can be utilized in any ultimate appeal, either to Judge Porter or to the Sixth Circuit, on the propriety of the disposition of partnership assets in the Central Colorado Company and/or on the question of whether the Bankruptcy Judge had jurisdiction to render such a decision.

As stated above, the third predicate for § 157(d) withdrawal is that resolution of the proceeding before the Bankruptcy Court must require consideration of both Title 11 *and* other laws of the United States regulating organizations or activities affecting interstate commerce. Resolution of the proceeding before the Bankruptcy Court (the propriety of the disposition of partnership assets) simply does not require consideration of "other laws of the United States regulating organizations or activities affecting interstate commerce." As stated above, movants argue that resolution of the matter before the Bankruptcy Court will require consideration of the Bank Holding Company Act of 1956, 12 U.S.C. § 1841 *et seq.* Resolution of the matter before the Bankruptcy Court does not require consideration of this Act. Moreover, consideration of that Act, either by the Bankruptcy Court or by the District Court, is not possible because Congress has given the Federal Reserve Board exclusive jurisdiction over questions arising under the provisions of the Bank Holding Company Act. The only method for judicial review of decisions by the Federal Reserve Board, under this Act, is through appeal to certain Courts of Appeals. *See e.g. Whitney National Bank in Jefferson Parish v. Bank of New Orleans & Trust Company,* 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); *Memphis Trust Company v. Board of Governors of the Federal Reserve System,* 584 F.2d 921 (6th Cir.1978). District Courts and the Bankruptcy Courts, whose jurisdiction is derivative of that of the District Courts, lack jurisdiction to entertain actions relating to the Bank Holding Company Act of 1956 *Id.* at 925.

Based upon the foregoing, the Court concludes that movant's motion for withdrawal is not well-taken. Accordingly, same is overruled. Likewise, movant's motion for a stay of the related Bankruptcy Court proceedings pending resolution of the motion is overruled. The Bankruptcy Judge shall conduct an evidentiary hearing on the question of whether the present motion was timely, in order to facilitate appellate review of the decision either approving or disapproving the sale in question and whether or not the Bankruptcy Court had jurisdiction to render such a decision.