**In re ADELPHI INSTITUTE, INC., Debtor.**

**Richard E. O'CONNELL, as Trustee in Bankruptcy for Adelphi Institute, Inc., Debtor, Plaintiff,**

v.

**Albert A. TERRANOVA and Melany K. Terranova, Defendants.**

**No. 89 Civ. 7203 (RWS).**

United States District Court, S.D. New York.

March 21, 1990.

Doar Devorkin & Rieck by Michael S. Devorkin, of counsel, New York City, for plaintiff.

Gerald L. Shargel, New York City, for defendant Albert A. Terranova.

Judd Burstein, P.C., New York City, for defendant Melany K. Terranova.

## OPINION

SWEET, District Judge.

The defendants Albert A. Terranova and Melany K. Terranova (the "Terranovas") have moved pursuant to 28 U.S.C. § 157(d) to withdraw from the Bankruptcy Court an adversary proceeding which includes a claim against them under the federal racketeering statutes, 18 U.S.C. § 1961 *et seq.* ("RICO"). For the reasons set forth below, the motion is denied.

### The Parties

Adelphi Institute, Inc. ("Adelphi") is a New York Subchapter S corporation which maintained offices and facilities in New York and elsewhere. During its existence, it operated business and data processing schools throughout the United States which offered instruction in accounting, business administration, secretarial, and computer programming to individuals interested in pursuing office occupations.

The Terranovas are married and owners of Adelphi and were its directors, principal officers and shareholders. On July 15, 1987 Adelphi filed a voluntary petition under Title 7 of the United States Code. On October 22, 1987, Richard O'Connell became Trustee in bankruptcy for Adelphi (the "Trustee").

*Prior Proceedings*

On October 20, 1989, the Trustee filed an adversary complaint in the Bankruptcy Court, 89–6272A, alleging eight causes of action including violations of RICO, common law fraud, conversion, failure to repay loans, violation of 11 U.S.C. § 548, the New York Debtor and Creditor Law §§ 278, 279, and seeking to recover from the Terranovas more than $3 million for various wrongs they committed as officers and directors of Adelphi, based at least in part on allegations contained in an indictment returned by a New York State grand jury on July 20, 1989.

On October 27, 1989, the Terranovas moved under 28 U.S.C. § 157(d) for a mandatory withdrawal to the district court of the adversary proceeding. The motion was heard on November 10, 1989, and additional submissions were made on January 2, 1990, February 20, 1990 and March 2, 1990.

*Standards for Withdrawal Under Section 157(d)*

In pertinent part, Section 157(d) provides: The district court, shall, on timely motion of a party, so withdraw a proceeding [from the bankruptcy court] if the court determine that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

▋ Because this sentence of Section 157(d), if read literally, would eviscerate much of the work of the bankruptcy courts, the "courts are admonished by the legislative history to construe this sentence narrowly." 1 *Collier on Bankruptcy* ¶ 3.01 at 3–59 (15th ed. 1987). The leading commentator, noting the conjunctive "and" in the sentence in question, has observed that a matter is not subject to mandatory withdrawal unless interpretation of both the provisions of Title 11 and other laws of the United States is required for resolution of the controversy. *Id.* at 3–61. *See also Block v. Anthony Tammaro, Inc.*, 56 B.R. 999, 1004–07 (D.N.J.1986); *In re Baldwin–United Corp.*, 47 B.R. 898, 899 (S.D. Ohio 1984). At a minimum, Section 157(d)

does not mandate withdrawal unless the district court "can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-code statutes." *In re White Motor Corp.*, 42 B.R. 693, 705 (D.Ohio 1984), *cited with approval* in *In re Ionosphere Clubs, Inc.*, 103 B.R. 416, 419 (S.D.N.Y.1989).

▋ The courts have further defined this "substantial and material consideration" standard of *White Motor* to exclude from mandatory withdrawal those cases which involve only the application of non-title 11 federal statutes to a particular set of facts. They have done so in order that Section 157(d) is construed narrowly and "does not become an 'escape hatch' for matters properly before court." *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986) (Leval, J.). Thus:

It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straightforward application of a federal statute to a particular set of facts. It is issues requiring significant *interpretation* of federal laws that Congress would have intended to have decided by a district judge rather than a bankruptcy judge.

*Id.* at 602 (emphasis in original).

This approach was also followed to deny mandatory withdrawal in *In re Texaco*, 84 B.R. 911 (S.D.N.Y.1988) (Goettel, J.). There, the debtor sought to assume agreements with the State of Louisiana with respect to certain oil and gas leases covered by a complex non-Title 11 federal law, the Natural Gas Policy Act of 1978. After referring the motion to withdraw to Judge Schwartzberg of the Bankruptcy Court for report and recommendation, the Court upheld Judge Schwartzberg's recommendation that the motion be denied. Mandatory withdrawal was not required because resolution of the dispute would not require the court to do more than make routine interpretations of non-Title 11 federal law in

order to apply that law to the facts in the case before it. *Id.* 84 B.R. at 914.

On the occasions when this court grants motions for mandatory withdrawal, it has done so when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws. Thus, in *In re Combustion Equipment Associates, Inc.,* 67 B.R. 709 (S.D.N.Y. 1986) (Sand, J.), and *American Telephone & Telegraph Co. v. Chateaugay Corp.,* 88 B.R. 581 (S.D.N.Y.1988), the court was faced with issues of first impression under a relatively new, complex, and recently amended statute, CERCLA, 42 U.S.C. § 9607. Perhaps just as important to the removal determinations in these cases was that the proceedings presented and required resolution of "substantial and material conflicts" between non-title 11 federal laws and the Bankruptcy Code. *See In re Combustion,* 67 B.R. at 573; *Chateaugay Corp.,* 88 B.R. at 588. Of similar effect is *Pension Benefit Guaranty Corp. v. The LTV Corp.,* 86 B.R. 33, 38–39 (S.D.N.Y. 1987), where issues of first impression under ERISA "were presented in sharp conflict with competing provisions of the Code."

*The RICO Allegations Do Not Require Withdrawal*

Under the cases cited above, it is not enough for defendants to show that the adversary proceeding involves RICO, that RICO is an important or even complex statute, or that the Bankruptcy Court (the Honorable Burton K. Lifland) has not filed any reported RICO decisions. No potential conflicts between the Bankruptcy Code and RICO have been noted nor have movants shown that the adversary proceeding will require " 'substantial and material' consideration of both bankruptcy and non-bankruptcy laws." *Chateaugay Corp.,* 86 B.R. at 38; *see also In re Baldwin–United Corp.,* 47 B.R. 898, 899 (S.D.Ohio 1984). In short, although the Terranovas cite several RICO-related issues that they intend to raise in the adversary proceeding, they fail to demonstrate that these issues present questions of first impression, or require

simultaneous construction of Title 11 and non-Code federal laws.

One issue the Terranovas seek to raise is whether the RICO pattern of racketeering requirement is unconstitutionally vague, relying on the concurring opinion in *H.J. Inc. v. Northwestern Bell Telephone Co.,* — U.S. ——, 109 S.Ct. 2893, 2907–09, 106 L.Ed.2d 195 (1989). Although that concurrence expresses concern with ambiguity in the "pattern of racketeering" requirement, the Second Circuit has previously considered and rejected similar vagueness challenges to the twenty-year old statute. *See, e.g., United States v. Parness,* 503 F.2d 430, 441–42 (2d Cir.1974), *cert. denied,* 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975). More important, the Bankruptcy Court may not necessarily address the issue, as defendants' constitutional challenge is an "as applied" attack that is contingent upon their prior success in gaining Rule 9(b) dismissal of several of the racketeering allegations in the complaint. Only upon such success do defendants assert that the remaining allegations, if found to state a RICO claim, would pose a question of unconstitutional ambiguity. Finally, even then, there is no suggestion that this issue in any way poses a conflict with Title 11 provisions.

The remaining issues raised by the Terranovas principally involve application of the RICO statute to the facts of the complaint, not always an easy task but not one requiring withdrawal on the Terranovas' showing, on the ground of "substantial interpretation." Nor does the proposition advanced by the Terranovas that in a mail fraud-based RICO claim, the victim suing must both be deceived and injured. *See United States v. Evans,* 844 F.2d 36 (2d Cir.1988). Assuming that is correct, the question of whether or not the Trustee stands in the shoes of all injured and deceived creditors, including the students and the banks, *see, e.g.,* 11 U.S.C. § 544, is well within the particular competency of the Bankruptcy Court.[1]

Thus, at this stage the case for withdrawal rests on a general proposition that

---

1. Certain other issues pressed by Terranova need not be discussed here as they present is-

sues of state, not federal, law or involve only

RICO claims are inherently inappropriate for resolution by a bankruptcy court. The Terranovas have cited *In re Rubin Brothers Footwear, Inc.*, 73 B.R. 346 (S.D.N.Y. 1987), as support for that position, but that case did not involve a motion to withdraw under Section 157(d), thus rendering its discussion of that section dictum. While a number of other decisions apparently take the Terranovas' view, the cases do not appear to apply the standard for Section 157(d) withdrawal as it has been developed in this judicial district. These decisions do not explain why removal is appropriate when nothing other than a relatively routine application of a federal law to a set of case-specific facts is involved, nor give sufficient recognition that "significant interpretation" or conflict with Title 11 is the appropriate standard.[2]

■ To the extent that this motion presents for the first time in this district the issue of whether the bringing of a RICO claim in an adversary proceeding requires automatic withdrawal of the action to district court, such a result is not required under the appropriate standard nor would it serve the purpose for which Section 157(d) was enacted. That conclusion is reinforced by recent decisions of the Supreme Court, in *H.J. Inc. v. Northwestern Bell Telephone Co.*, *supra*, and of this Circuit, in cases such as *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.1989) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989), *Beauford v. Helmsley*, 865 F.2d 1386 (2d Cir.1989) (*en banc*), *vacated*, —— U.S. ——, 109 S.Ct. 3236, 106 L.Ed.2d 584 *adhered to upon further consideration*, 893 F.2d 1433, *cert. denied*, —— U.S. ——, 110 S.Ct. 539, 107 L.Ed.2d 537 (1989), and *United States v. Kaplan*, 886 F.2d 536 (2d Cir.1989), which

answer substantial questions about the scope of RICO.

For these reasons, mandatory withdrawal on the grounds that the adversary proceeding "requires consideration of both Title 11 and other laws of the United States," 28 U.S.C. § 157(d), is not warranted. The motion is to that extent denied. This does not end the inquiry, however, since subsequent to oral argument the Terranovas have advanced an independent basis for withdrawal: since this action is a non-core proceeding in which the Terranovas as defendants are entitled to trial by jury, they urge that the action cannot be heard in bankruptcy court.

*28 U.S.C. § 157(c)(1) and Seventh Amendment–Induced Withdrawal of Reference*

■ Assuming for present purposes that the Terranovas are correct in their assessment of the "non-core" nature of this proceeding and of their Seventh Amendment jury rights (complex issues in themselves which the Terranovas have not briefed)[3], there is no need for withdrawal of the proceeding to an Article III court now, given the pre-trial posture of the case. The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready. *See In re THB Corp.*, 94 B.R. 797, 803 (Bankr.D. Mass.1988).

■ That the potential requirement of a jury trial of this adversary proceeding does not require its present removal from the bankruptcy court is a conclusion supported by 28 U.S.C. § 157(c)(1). This jurisdictional provision, passed after the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in an effort to cure constitutional

---

application of the requirements of particularity set forth in rule 9(b) of the Fed.R.Civ.P.

2. *Burger King Corporation v. B–K of Kansas, Inc.*, 64 B.R. 728, 731 (D.Kan.1986), is an exception but is distinguishable from this case on the facts presented because there the court found that the forms of relief requested in the adversary proceedings required consideration of *both* Title 11 and non-Code law, something not urged here.

3. These legal questions have been the subject of recent opinions of the Supreme Court, *Granfinanciera S.A. v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and the Second Circuit, *see In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990) and *In re Manville Forest Products Corporation*, 896 F.2d 1384 (2d Cir. 1990).

deficiencies noted in that opinion, permits "a bankruptcy judge [to] hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). To avoid the Article III problems examined in *Marathon*, Congress determined that in such an instance, the bankruptcy court may not enter a final order or judgment without the consent of the parties; as opposed to the situation in a core proceeding, the bankruptcy court's role in a non-core matter is limited by statute to rendering proposed findings and conclusions which are subject to de novo review by the Article III court. 28 U.S.C. § 157(c)(1) and (2). *See also* 1 *Collier on Bankruptcy* § 3.01 at 3–49—3–54 (15th ed. 1987).

This limitation, however, does not prevent the bankruptcy judge from adjudicating pre-trial interlocutory matters. 1 *Collier*, § 301 at 3–54. The statute "preserves only 'final' orders for entry by the district judge." *In re THB Corp.*, 94 B.R. 797, 803 (citing, among other decisions, *In re Lion Capital Group*, 46 B.R. 850, 854 (Bankr.S. D.N.Y.1985)). Thus, if the Terranova's are correct in characterizing this as a non-core proceeding, the bankruptcy court, nevertheless, has the power to oversee pretrial matters arising in the proceeding, including the power to make interlocutory rulings and make proposed rulings upon any dispositive motions. In the event of the latter, the statute and Article III are complied with so long as a district court engages in de novo review of any such proposed disposition. *See* 28 U.S.C. § 157(c)(1); *cf. United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980) (analogous statute according powers to magistrates upheld on ground that Art.

III is "satisfied if the ultimate adjudicatory determination [is] reserved to the district court judge."), *cited in Marathon*, 458 U.S. at 83, 102 S.Ct. at 2877–78.

Removal of the case to district court may be necessary at some point in the future in the event a trial is required, since, as the Second Circuit recently suggested in dicta, the Seventh Amendment may render "unconstitutional jury trials in non-consensual non-core proceedings, because of the [statutory] requirement that findings of fact by the bankruptcy court be reviewed de novo by the district court." *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402–03 (2d Cir.1990), (finding no constitutional or statutory bar to conducting jury trials in *core* proceedings in bankruptcy court).[4] This question need not be addressed or resolved at present, however, as this adversary proceeding is nowhere near to being trial-ready, and has not yet even been adjudicated a non-core proceeding.[5] Accordingly, the motion for withdrawal of reference on Seventh Amendment grounds is denied without prejudice to its renewal in the event the claims of the Trustee occasion a jury trial.

*Conclusion*

Neither the Seventh Amendment nor 28 U.S.C. § 157(d) require withdrawal of reference of this adversary proceeding at this time. The Terranovas' motion accordingly is denied, with leave to renew should the case proceed to trial.

It is so ordered.

---

4. The Seventh Amendment states that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. In the event a jury trial were to be conducted in a non-core proceeding in bankruptcy court, the constitutional requirement that no reviewing court "redetermine facts found by the jury," *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962), would appear to conflict with the district court's obligation under 28 U.S.C. § 157(c)(1) to review de novo the proposed findings made by a jury below. *In re Ben Cooper, Inc.*, at 1402–03. As

that statutory obligation is itself a response to the Article III concerns which arise from reference of non-core proceedings to bankruptcy judges, abatement of this constitutional tension may require removal of those non-core proceedings to which a right to jury trial attaches, prior to the time of trial.

5. The Bankruptcy Judge, not the district court, typically determines in the first instance whether or not a proceeding is core. *See* 28 U.S.C. § 157(b)(3); *In re Lion Capital Group*, 46 B.R. 850, 853 (Bankr.S.D.N.Y.1985).