In re AUTO SPECIALTIES MANUFAC-
TURING COMPANY, a Michigan
corporation, Debtor.

AUTO SPECIALTIES MANUFACTUR-
ING COMPANY, a Michigan cor-
poration, Debtor, Plaintiff,

v.

Benjamin SACHS and Manufacturers
National Bank of Detroit, a National
Banking Association, Defendants.

File No. 1:90–CV–428.
Bankruptcy No. SK 88–03095.
Adv. No. 88–0527.

United States District Court,
W.D. Michigan, S.D.

Aug. 27, 1990.

See also 133 B.R. 384.

John E. Anding, Mark A. Kehoe, and
John M. DeVries, Mika, Meyers, Beckett &
Jones, Grand Rapids, Mich., for debtor-
plaintiff.

Mark D. Evans, Garratt & Evans, P.C.,
Bloomfield Hills, Mich., for defendants.

MEMORANDUM OPINION

AND

ORDER DENYING MOTION TO
WITHDRAW REFERENCE

ROBERT HOLMES BELL, District
Judge.

In the midst of Chapter 7 bankruptcy
proceedings, including an adversary pro-
ceeding between the parties, plaintiff Auto
Specialties Manufacturing Company
("AUSCO") has moved the court pursuant
to 28 U.S.C. § 157(d), to withdraw the ref-
erence of the adversary proceeding to the
Bankruptcy Court. Defendant Manufac-
turers National Bank of Detroit opposes
the motion.

Section 157(d) provides as follows:

The district court *may* withdraw, in
whole or in part, any case or proceeding
referred under this section, [to the bank-
ruptcy judges for the district], on its own
motion or on timely motion of any party,
for cause shown. The district court
*shall* on timely motion of a party, so
withdraw a proceeding if the court deter-
mines that resolution of the proceeding

requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). It is readily apparent that two circumstances may warrant withdrawal of reference, one discretionary and one mandatory. AUSCO contends both circumstances exist in this case.

## I. MANDATORY WITHDRAWAL

 Withdrawal of reference is mandatory if, upon timely motion, the Court determines that resolution of the proceeding requires consideration of both provisions of the Bankruptcy Code and provisions of non-Bankruptcy Code federal law which regulate organizations or activities affecting interstate commerce. AUSCO contends the Court must withdraw the reference because its second amended complaint, filed in August 1989, includes allegations that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Even assuming AUSCO's motion is timely[1] and that RICO "regulates" organizations or activities affecting interstate commerce,[2] the Court concludes withdrawal is not mandatory.

The Court is aware that RICO claims have been held to trigger withdrawal. In re Rubin Bros. Footwear, Inc., 73 B.R. 346, 351 (S.D.N.Y.1987); In re IQ Telecommunications, Inc., 70 B.R. 742, 745 (N.D.Ill.1987); Burger King Corp. v. B–K of Kansas, Inc., 64 B.R. 728, 731 (D.Kan. 1986). Yet, as all of these cases recognize, § 157(d) is to be narrowly construed, mandating withdrawal only when the district court "can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-code statutes." In re White

Motor Corp., 42 B.R. 693, 705 (N.D.Ohio 1984). In other words, it is not enough that AUSCO has merely added a RICO claim. The claim must be facially valid; one able at a minimum to survive challenge under Fed.R.Civ.P. 12. If it were sufficient merely to state a claim under a non-Bankruptcy Code federal law, then § 157(d) would become an "escape hatch" for matters properly before the Bankruptcy Court. In re Johns–Manville Corp., 63 B.R. 600, 603 (S.D.N.Y.1986). Further, the claim must be one which requires not only application of non-Bankruptcy Code federal law, but one which requires significant interpretation thereof:

> It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straight-forward application of a federal statute to a particular set of facts. It is issues requiring significant interpretation of federal laws that congress would have intended to have decided by a district judge rather than a bankruptcy judge.

Id., 63 B.R. at 602; (emphasis in original); In re Adelphi Institute Inc., 112 B.R. 534, 536 (S.D.N.Y.1990); In re Texaco Inc., 84 B.R. 911, 921–22 (S.D.N.Y.1988).

Here, AUSCO's RICO claim has been pleaded, but not tested. Although dispositive motions have been filed in the Bankruptcy Court, they are held in abeyance pending a ruling on the motion to withdraw reference. Hence, the validity of the RICO claim remains an open question. Moreover, AUSCO has presented no showing that its RICO claim will present questions of first impression or that simultaneous construction of Bankruptcy Code and RICO provisions will be necessitated. Cf. Adelphi Institute, supra, 112 B.R. at 537. AUSCO has thus failed to carry its burden

---

**1.** Nine months passed between the first filing of the RICO claim and the filing of the motion for withdrawal of reference. Yet, in the absence of any showing that defendants are prejudiced by the delay, the Court finds the motion is not untimely. See In re Texaco Inc., 84 B.R. 911, 920–21 (S.D.N.Y.1988); Burger King Corp. v. B–K of Kansas, Inc., 64 B.R. 728, 730 (D.Kan.

1986); Interconnect Telephone Services, Inc. v. Farren, 59 B.R. 397 (S.D.N.Y.1986).

**2.** The argument of Manufacturers National Bank that RICO is not an regulatory, but a primitive act, although colorable, has been rejected. See In re Rubin Bros. Footwear, Inc., 73 B.R. 346, 351 (S.D.N.Y.1987); Burger King, supra, 64 B.R. at 731.

of persuasion that the RICO claim will require substantial and material consideration of non-Bankruptcy Code federal law. It follows that mandatory withdrawal is not triggered.

## II. DISCRETIONARY WITHDRAWAL

 Alternatively, AUSCO contends "cause" for discretionary withdrawal of the reference is established. "Cause" is said to consist in the fact that AUSCO has demanded a jury trial with respect to claims which are "non-core." Since, it is argued, the Bankruptcy Court lacks authority to conduct a jury trial of "non-core" claims, the entire adversary proceeding ought to be removed to this Court.

Yet, even accepting the premises of AUSCO's argument as true, the Court need not and declines to reach the proffered conclusion. "The appropriateness of removal of the case to a district court for trial by jury * * * * will become a question ripe for determination if and when the case becomes trial-ready." *Adelphi Institute*, 112 B.R. at 538. In the meantime, it would appear to be advantageous to all parties to permit Bankruptcy Judge JoAnn C. Stevenson, who is familiar with the dynamics and history of the case, to continue shepherding it toward resolution. Should trial ultimately become necessary, this Court will revisit AUSCO's motion. Although the motion is properly raised at this time, it now would be premature. *Id.*, 112 B.R. at 538–39.

ACCORDINGLY, IT IS HEREBY ORDERED that AUSCO's motion to withdraw reference is in both respects, DENIED, without prejudice.