## In re E & S FACILITIES, INC., Defendant.

### No. IP 94–1486 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 1, 1995.

Douglas B. King, Wooden McLaughlin & Sterner, Indianapolis, IN.

## ORDER DENYING WITHDRAWAL
## OF REFERENCE

BARKER, Chief Judge.

This matter is before the court on the motion of United National Insurance Company, Diamond State Insurance Company and Hallmark Insurance Company, Inc. (collectively, "UNG"), for withdrawal of the reference to the U.S. Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons stated below, UNG's motion is denied.

### I. BACKGROUND

On June 24, 1994, UNG commenced a civil action in the United States District Court for the Eastern District of Pennsylvania against E & S Facilities, Inc. (E & S) seeking *inter alia* treble damages and attorneys' fees un-

der the Racketeer Influenced and Corrupt Organization Act (RICO). Shortly thereafter, on August 4, 1994, E & S filed its Voluntary Petition commencing a case under Chapter 11 of Title 11 of the United States Code in the U.S. Bankruptcy Court for the Southern District of Indiana. On August 10, 1994, E & S then filed a Motion to Establish Bar Date, Continue Hearing, and for Other Relief (Combined Motion). The Combined Motion asked the Bankruptcy Court to enter an Order directing that UNG file its proofs of claim against E & S so that E & S could assert its defenses and counterclaims. Prior to ruling on the Combined Motion, however, UNG filed the present motion for withdrawal of the reference to the Bankruptcy Court, arguing that this court should hear UNG's RICO counts against E & S.

## II. ANALYSIS

The statutory provision governing the withdrawal of a reference to a bankruptcy court is 28 U.S.C. § 157(d), which reads in pertinent part:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

UNG contends that its RICO claims fall within the mandatory withdrawal provision of § 157(d) because a determination of those claims "requires consideration of both Title 11 and other laws of the United States." (Brief in Support of the Motion for Withdrawal. p. 7).[1] In response, E & S argues: (1) that UNG's motion is premature; (2) that UNG has failed to demonstrate that resolution of the proceeding requires consideration of both title 11 and other federal laws; and (3) that UNG has not shown cause for withdrawal supporting our use of discretion to remove the case from the bankruptcy court.

Each of these three arguments will be discussed in turn.

## A. WITHDRAWAL IS NOT PREMATURE

■ The statutory language of § 157(d) requires that the underlying dispute constitute a "case" or "proceeding" in order to be withdrawn from the bankruptcy court. Generally, a party in interest must file an objection to a proof of claim submitted by a creditor in order for there to be a proceeding for purposes of withdrawing a reference. *In re Laventhol & Horwath,* 139 B.R. 109, 113 (S.D.N.Y.1992). In other words, a proceeding requires that there be a contested matter between a debtor and the creditor:

Pursuant to Bankruptcy Rules 3001–03, creditors may file proofs of claim against the debtor.... Unless objected to, a claim which is the subject of a properly filed proof of claim is deemed allowed.... Should the debtor or any other party in interest ... file an objection to a claim, a contested matter is initiated, or if the debtor includes with the objection a counterclaim ... an adversary proceeding is commenced through which the claim may be resolved.

*In re Chateaugay Corp.,* 104 B.R. 622, 625 (S.D.N.Y.1989) (citations omitted); *see also In the Matter of Lissner Corp.,* 115 B.R. 604, 610 (N.D.Ill.1990).

■ Despite this need for a contested matter, the formal filing of an objection to a proof of claim is less important to a determination of timeliness "than a showing that the parties will be adversaries in bankruptcy court in the near future." *In re Laventhol,* 139 B.R. at 113. Thus, where a debtor is sure to file an objection to a claim, courts have considered motions to withdraw a reference. *Id.; In re Revere Copper and Brass Inc.,* 172 B.R. 192, 195 (S.D.N.Y.1994).

■ In this case, UNG filed their Proofs of Claim pursuant to Fed.R.Bank.Proc. 3001 on September 13, 1994. (UNG's Reply Brief, Ex. A). E & S, however, has neither objected to UNG's proofs of claim nor filed a

---

1. In the alternative, UNG asks this court to exercise its discretionary power to withdraw the RICO counts "for cause shown." Section 157(d).

counterclaim of its own. Nevertheless, E & S states in its Combined Motion that it intends to assert certain defenses and counterclaims against UNG. Indeed, E & S sought to establish a bar date because it would have had "no opportunity to proceed with its objections" until UNG filed its proofs of claim. (Motion to Establish Bar Date, p. 2).

Thus, the Court is convinced that debtor's "argument that the § 157(d) motion is premature because issue has not been joined is more semantics than substance." *Revere Copper,* 172 B.R. at 195. Although E & S has not yet filed its objections, when it does, the

> issue will be formally joined and there will be no way to avoid consideration of a motion to withdraw the reference. [UNG] having posed the issue, and the issue being certain to be joined, the Court elects not to wait for the inevitable.

*Id.* Accordingly, the motion to withdraw is not premature.

## B. MANDATORY WITHDRAWAL IS NOT WARRANTED

■ Withdrawal of reference is mandatory if the Court determines that resolution of the proceeding requires consideration of both provisions of the Bankruptcy Code and provisions of other federal laws regulating activities affecting commerce. 28 U.S.C. § 157(d). Although the statutory language is broad, § 157(d) should be interpreted narrowly "so that it is not utilized as an 'escape hatch through which most bankruptcy matters [could] be removed to a district court.'" *In re Laventhol,* 139 B.R. at 114–15.[2]

■ In light of this admonition, withdrawal under § 157(d) is "reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is

necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir.1990). It is not enough, however, that the proceeding involve "the straightforward application of a federal statute to a particular set of facts." *In re Johns–Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y.1986).[3] Rather, the claim must raise either (1) complicated issues of first impression requiring significant *interpretation* of federal law, or (2) substantial and material conflicts between the Bankruptcy Code and non-title 11 laws. *In re Auto Specialties Mfg. Co.,* 134 B.R. 227, 228 (W.D.Mich.1990); *Adelphi Institute,* 112 B.R. at 537.

■ Significantly, the movant bears the burden of demonstrating that the application of federal RICO law will involve novel issues. For example, in *In re Auto Specialties Mfg. Co.,* 134 B.R. 227 (W.D.Mich.1990), a district court considered a debtor's motion to withdraw its RICO claim from the underlying Chapter 7 bankruptcy proceedings. In finding that mandatory withdrawal was not warranted, the court concluded that the movant had failed to carry its burden of persuasion because it had not established that its RICO claim would present questions of first impression. *Id.* at 228–29. Similarly, the court in *In re Laventhol,* 139 B.R. at 114–16, found that a plaintiff's assertion of RICO claims against the debtor did not mandate withdrawal of the reference. Although the court acknowledged the existence of unsettled questions about the scope of civil RICO, it nevertheless concluded that the movant had "simply failed to show that [the] case involve[d] anything other than a routine application of RICO law." *Id.* at 116; *see also Adelphi Institute,* 112 B.R. at 537–38.

> It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straightforward application of a federal statute to a particular set of facts. It is issues requiring significant *interpretation* of federal laws that congress would have intended to have decided by a district judge rather than a bankruptcy judge.
> *Id.* at 602.

---

**2.** *See also In re Adelphi Institute, Inc.,* 112 B.R. 534, 536 (S.D.N.Y.1990) ("courts are admonished by the legislative history to construe this sentence narrowly" because if read literally, section 157(d) "would eviscerate much of the work of the bankruptcy courts") (quoting 1 *Collier on Bankruptcy* ¶ 3.01 (15th ed. 1987)); *In re Stavriotis,* 111 B.R. 154, 156 (N.D.Ill.1990) ("Withdrawal is therefore appropriate only in a limited number of cases") (citations omitted).

**3.** As reasoned the court in *Johns–Manville:*

■ In this case, UNG argues that their RICO claims might involve novel issues. According to UNG:

> [I]ssues *may* arise in the consideration of [UNG]'s RICO claims which, although settled in favor of [UNG] in those jurisdictions in which such issues have been entertained, *may* be questions of first impression *should* the law of the Seventh Circuit rather than the Third Circuit be found to apply in this case.

(UNG's Reply Brief, at 10) (emphasis added). At most, UNG's concerns are speculative. At the least, they are completely hypothetical. Either way, UNG falls far short of establishing "that this case involves anything more than a routine application of RICO law." *In re Laventhol,* 139 B.R. at 116.[4]

■ Furthermore, assuming *arguendo* that the law of the Seventh Circuit applies and that UNG's claims require the application of aiding and abetting liability in the RICO context, we do not feel that the bankruptcy court is wholly without guidance in this area. For example, at least one district court within this circuit has discussed the exact issue allegedly at issue here; namely, the requirements for aiding and abetting a violation of the mail fraud statute in the civil RICO context. *WAIT Radio v. Price Waterhouse,* 691 F.Supp. 102 (N.D.Ill.1988); *see also Armco Industrial Credit Corp. v. SLT Warehouse Co.,* 782 F.2d 475, 485–87 (5th Cir.1986) (discussing aiding and abetting RICO liability where mail fraud is the predicate act); *United States v. Fallon,* 776 F.2d 727 (7th Cir.1985) (discussing aiding and abetting mail fraud liability); *FMC Corp. v. Boesky,* 727 F.Supp. 1182 (N.D.Ill.1989) (aiding and abetting securities act violations in civil RICO context).[5] Thus, because UNG has not established that its RICO claims

involve novel issues of law warranting district court examination, we find no basis for mandatory withdrawal of the reference.

## C. DISCRETIONARY WITHDRAWAL IS NOT WARRANTED

■ Permissive withdrawal of a reference is proper if the moving party demonstrates sufficient cause. *Vista Metals Corp. v. Metal Brokers Internat'l, Inc.,* 161 B.R. 454, 456 (E.D.Wis.1993). "Sufficient cause exists where there is an overriding interest based on a finding by the court that the withdrawal of reference is essential to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted) (citations omitted). The federal courts have identified numerous factors as useful when determining the presence of a "higher interest," including judicial economy, the need for a jury trial, and the desire to expedite the bankruptcy process. *See Id.; see also In re Sonnax Industries,* 907 F.2d 1280, 1286 (2d Cir.1990) (cataloguing twelve factors to weigh in deciding whether litigation should continue in a forum outside the bankruptcy court).

■ UNG asks the Court to exercise our discretionary power to withdraw the reference because "the complexities of the applicable law and the nature of the proceeding itself" warrant it. (UNG's Brief in Support, at p. 8). As we stated above, however, we disagree with the proposition that RICO claims are inherently inappropriate for resolution by a bankruptcy court. Nor do we find other "higher interests" at stake here warranting withdrawal. For example, an examination of the setoff defenses alluded to by E & S in its Combined Motion contemplates "an inquiry which bankruptcy courts make as

4. Symptomatic of UNG's inattentiveness to the burden of persuasion in this motion is the following excerpt from its Reply Brief:

> E & S does not, and cannot, contest that determination of [UNG]'s claims require [sic] consideration of Title 11. Likewise, E & S does not, and cannot, establish that [UNG], as a matter of law, has not set forth viable claims under the RICO Act arising from the damages caused by E & S' racketeering activity in violation of that statute. Finally, E & S does not, and cannot, dispute that RICO is exactly the

type of law that requires mandatory withdrawal of the reference.

(UNG's Reply Brief, at 9). As we discuss above, however, it is UNG who must establish that its RICO claims involve novel issues of law or a conflict between RICO and the Bankruptcy Code, not E & S.

5. Of course, this sampling of relevant caselaw is by no means exhaustive and should not be construed as a statement by this Court as to the merits of UNG's contentions.

a matter of course and does not require intervention by the district court." *Revere Copper*, 172 B.R. at 198. Indeed, given the early stage of the underlying proceeding, the Court is satisfied that the bankruptcy court can best coordinate scheduling in both the bankruptcy and adversary cases. Thus, by concentrating all related claims before the bankruptcy court, the parties can minimize confusion and avoid piecemeal litigation.[6]

The burden of demonstrating cause for withdrawal is on UNG. *In re Statistical Tabulating Corp., Inc.*, 166 B.R. 322, 326 (N.D.Ill.1994). Because the interests of judicial economy and efficient case management weigh in favor of continued litigation at the bankruptcy court level, UNG has failed to satisfy that burden. Accordingly, we deny UNG's request for permissive withdrawal.

### III. REQUEST TO TRANSFER

On October 28, 1994, UNG moved the Court to transfer the determination of its Motion for Mandatory Withdrawal of the Reference. This motion is hereby denied as moot.

### IV. CONCLUSION

For the reasons stated above, UNG's motion to withdraw the reference is DENIED and its motion to transfer is DENIED AS MOOT.

It is so ORDERED.

---

**6.** *See also Adelphi Institute*, 112 B.R. at 538 (district court denied discretionary withdrawal of RICO claim due to early stage of case); *In re Laventhol*, 139 B.R. at 116 (court denied discretionary withdrawal because the "goals of judicial economy and expeditious determinations of cases would not be served by the consideration of [the RICO claims] by a federal district court wholly unfamiliar with the case).