682 F.Supp. 459 (1988)
CENTERRE BANCORPORATION, Plaintiff,
v.
R. Crosby KEMPER, Jr., et al., Defendants.
No. 88-127C-(1).
United States District Court E.D. Missouri, E.D.
March 25, 1988.
*460 Thomas C. Walsh, J. Thomas Archer, Steven A. Nieters, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Edward D. Herlihy, Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff.
Robert F. Ritter, Gray & Ritter, St. Louis, Mo., for defendant.
James F. Duncan, Thomas M. Cunningham, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for United Missouri Bancshares, Inc.
Thomas E. Deacy, Jr., Patrick C. Cena, Deacy & Deacy, Kansas City, Mo., for Kemper.

MEMORANDUM
NANGLE, Chief Judge.
In Count II of its complaint, plaintiff Centerre Bankcorporation (Centerre) alleges that defendants United Missouri Bancshares, Inc. (United) and R. Crosby Kemper, Jr.[1] violated the Bank Holding Company Act of 1956 (BHCA), 12 U.S.C. §§ 1841 et seq., by acquiring direct or indirect ownership or control of more than 5% of Centerre's voting shares without the prior approval of the Federal Reserve Board (FRB). Plaintiff seeks an injunction enjoining defendants from acquiring additional shares of Centerre stock, from voting any stock obtained in violation of the BHCA, and from pursuing an acquisition of Centerre or a merger between Centerre and United. This matter is now before the Court on defendants' motion to dismiss Count II for failure to state a claim upon which relief can be granted and motion to strike all references to violations of the BHCA in Count III.
In passing on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed merely because it does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure § 1216 at 120 (1969). However, a motion to dismiss will be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102.
Plaintiff asserts that defendants' conduct of acquiring more than 5% of Centerre's voting stock without FRB approval violated 12 U.S.C. § 1842(a)(3). Section 1842(a)(3) provides in pertinent part:
(a) It shall be unlawful except with the prior approval of the Board, ...
(3) for any bank holding company to acquire direct or indirect ownership or control of any voting shares of any bank if, after such acquisition, such company will directly or indirectly own or control more than 5 per centum of the voting shares of such bank....
Any company which willfully violates or any individual who willfully participates in violation of any provision of the BHCA is subject to criminal penalties. 12 U.S.C. § 1847(a). The FRB has the authority to issue orders and regulations that are necessary to carry out the purposes of the BHCA, 12 U.S.C. § 1844(b), and may assess and collect civil penalties up to $1,000 per day against companies or individuals who violate the Act. 12 U.S.C. § 1847(b). Any party aggrieved by a FRB determination may obtain judicial review in the United States Courts of Appeals. 12 U.S.C. § 1848.
As the parties concede, the BHCA does not expressly provide for a private cause of *461 action for any violations of the BHCA. Therefore, in order to determine whether plaintiff states a claim for relief, the Court must ascertain whether plaintiff has an implied cause of action under the BHCA.
It is clear that violation of a federal statute and resulting harm to some person does "not automatically give rise to a private cause of action." Cannon v. University of Chicago, 441 U.S. 677, 688, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). The key inquiry with respect to the existence of a private cause of action is whether Congress intended to create a private cause of action when it enacted the statute. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 377-378, 102 S.Ct. 1825, 1838-39, 72 L.Ed.2d 182 (1982); California v. Sierra Club, 451 U.S. 287, 293, 101 S.Ct. 1775, 1778, 68 L.Ed.2d 101 (1981). In Cort v. Ash, the Supreme Court identified four factors which are relevant to determining whether Congress intended to create a private cause of action:
First, is plaintiff "one of the class for whose especial benefit the statute was enacted," ...that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?
Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975) (citations omitted).
Nothing in the language of § 1842(a) indicates that the statute was enacted for the "especial benefit" of plaintiff. Although plaintiff may benefit indirectly from FRB regulation of acquisitions by other bank holding companies, § 1842(a) merely proscribes certain acquisitions without prior FRB approval and provides for FRB regulation of acquisitions, it does not create any federal right in favor of the plaintiff. Furthermore, the enforcement provisions provide no remedy in favor of banks or bank holding companies. Section 1847(a) imposes criminal sanctions for violations of the BHCA. Section 1847(b), by granting the FRB the power to impose civil penalties, merely provides a vehicle through which the FRB can enforce compliance with the statutory provisions.
The legislative history of the BHCA supports the view that the Act was designed to benefit the general public rather than banks or bank holding companies. The legislative history indicates that the statute was enacted to regulate the "growth of bank holding companies" for the protection of the "public welfare." S.Rep. No. 1095, 84th Cong., 2d Sess. 1, reprinted in 1956 U.S.Code Cong. & Admin.News 2482. Congress intended to provide "adequate safeguards" against "undue concentration of control of banking activities." Id. See also Lewis v. BT Investment Managers, Inc., 447 U.S. 27, 46, 100 S.Ct. 2009, 2020-21, 64 L.Ed.2d 702 (1980) (Congress intended to "prevent anti competitive tendencies in national credit markets."). Section 1842(a) was enacted to provide regulatory control over a bank holding company's acquisitions of stock and assets to "encourage competitive banking and discourage monoply of banking." Id. at 2489. The civil penalties provision, § 1847(b), was added to the BHCA in 1978 to give the FRB the "flexibility it needs to secure compliance" with the Act, H.R.Rep. No. 95-1383, 95th Cong., 2d Sess. 17, reprinted in 1978 U.S.Code Cong. & Admin.News 9273, 9289, not to create a private remedy in favor of banks and bank holding companies. Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir.1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). Although there is no indication in the legislative history of an intent to deny a private cause of action, there also is no indication of an intent to grant one. This congressional silence on the issue of a private remedy "serves to confirm" the conclusion that the BHCA was not intended to create a private remedy in favor of plaintiff but was intended to benefit the public *462 through a "general regulatory scheme" administered by the FRB. See Sierra Club, 451 U.S. 296-298, 101 S.Ct. at 1781.
It also would frustrate the purposes of the legislative scheme to imply a private cause of action in favor of the plaintiff in the federal district court. Marx, 747 F.2d at 1550; Quaker City National Bank v. Hartley, 533 F.Supp. 126, 127 (S.D.Ohio 1981). The FRB has exclusive original jurisdiction over questions arising under the BHCA. Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 419-423, 85 S.Ct. 551, 556-59, 13 L.Ed.2d 386 (1965); Independent Community Bankers Ass'n of South Dakota, Inc. v. Board of Governors of the Federal Reserve System, 838 F.2d 969, 975 n. 8 (8th Cir.1988); In re Baldwin-United Corp., 47 B.R. 898, 900 (S.D.Ohio 1984). Congress has entrusted the regulation of bank holding activities to the FRB "to permit an agency, expert in banking matters, to explore and pass on the ramifications of a proposed bank holding arrangement." Whitney National Bank, 379 U.S. at 420, 85 S.Ct. at 557. The only avenue of judicial review of FRB determinations is through appeal to the United States Courts of Appeals. 12 U.S.C. § 1848; Whitney National Bank, 379 U.S. at 422, 85 S.Ct. at 558. It would substantially undermine the "effectiveness of the statutory design" to permit plaintiff to bypass the FRB and assert a private cause of action in the federal district court. Whitney National Bank, 379 U.S. at 420-421, 85 S.Ct. at 557. Under the final Cort v. Ash factor, regulation of bank holding companies is not an area "traditionally relegated to state law" so that implication of a federal cause of action would not interfere with an "area basically [of] concern" to the states. See Cort, 422 U.S. at 78, 95 S.Ct. at 2088. However, the Court finds that it is not necessary to consider the final Cort v. Ash factor because the Court concludes under the first three Cort v. Ash factors that no private cause of action for violation of § 1842(a)(3) was intended. See Sierra Club, 451 U.S. at 297-298, 101 S.Ct. at 1781.
Plaintiff contends that it is not trying to obtain a judicial determination of the merits of defendants' acquisition but merely seeks to enjoin defendants from exercising control over the Centerre stock until the FRB has an opportunity to pass on the merits of the acquisition. However, even to provide plaintiff with this limited form of relief, the Court still would have to imply a private cause of action. The Court concludes that plaintiff has no standing to seek an injunction in this Court because the FRB has exclusive original jurisdiction over BHCA violations and no private right of action can be implied from § 1842(a)(3). Accordingly, Count II of plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that the motion of defendants R. Crosby Kemper, Jr. and United Missouri Bancshares, Inc. to dismiss Count II of plaintiff's complaint be and is granted and Count II of plaintiff's complaint be and is dismissed.
IT IS FURTHER ORDERED that defendants' motion to strike all references to violations of the Bank Holding Company Act in Count III of plaintiff's complaint be and is granted and all said references be and are stricken from Count III.
NOTES
[1] According to plaintiff's allegations, Centerre and United are bank holding companies registered with the Federal Reserve Board pursuant to 12 U.S.C. § 1844(a). Kemper is Chairman and Chief Executive Officer of United.