STATE OF IDAHO, DEPARTMENT
OF FINANCE, Plaintiff,

v.

Robert C. CLARKE, in his capacity as the Comptroller of the Currency, U.S. Bancorp, an Oregon corporation, First National Bank in Spokane, a/k/a U.S. Bank of Idaho, N.A., Defendants.

Civ. No. 92–0080–S–HLR.

United States District Court,
D. Idaho.

March 13, 1992.

Larry Echohawk, Atty. Gen., State of Idaho, Fred C. Goodenough, Deputy Atty. Gen., Dept. of Finance, State of Idaho, Boise, Idaho, for plaintiff.

Stuart M. Gerson, Asst. U.S. Atty. Gen., Maurice O. Ellsworth, U.S. Atty., Dist. of Idaho, Anne L. Weismann, Eric D. Goulian, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant Robert C. Clarke.

Clifford N. Carlsen, Jr., Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., Bruce C. Jones, Evans, Keane, Koontz, Boyd, Simko & Ripley, Boise, Idaho, for defendants U.S. Bancorp and U.S. Bank of Idaho, N.A.

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

RYAN, Chief Judge.

Currently before the court are the following motions: (1) plaintiff's Motion for Preliminary Injunction, filed on February 27, 1992; (2) Defendants U.S. Bancorp and U.S. Bank of Idaho, N.A.'s Motion for Summary Judgment, filed on March 2, 1992; (3) and Defendant Comptroller of the Currency's Motion to Dismiss or in the Alternative for Summary Judgment, filed on March 10, 1992. The court, in addition to reviewing the written responses and replies to these motions, heard oral arguments on these motions on Friday March 13, 1992. Therefore, the motions are now ripe for review.

I. FACTS AND PROCEDURE

On February 21, 1992, the State of Idaho, Department of Finance (Department), filed a Complaint for Declaratory and Injunctive Relief against the named defendants. In this complaint, the Department has requested that this court enter a declaratory judgment regarding the rights and obligations of the named parties in respect to the alleged failure of the defendants to comply with state and federal banking law. Complaint for Declaratory and Injunctive Relief, filed Feb. 21, 1992, at 4–5. In addition, the Department has requested that this court issue a preliminary and permanent injunction restraining and enjoining the defendants U.S. Bancorp, First National Bank in Spokane, a/k/a U.S. Bank of Idaho, N.A., from relocating their offices in the state unless previously approved or authorized by the state. *Id.* at 6–7. The plaintiff asserted in its complaint that this court has jurisdiction to address these is-

sues under 28 U.S.C. § 2201 and 28 U.S.C. § 1331.[1]  *Id.* at 2.

The facts that underlie the Department claims are rather straightforward and are not in dispute.  The court finds that an accurate summary of the relevant facts is found in the statement of material facts submitted by the Comptroller in support of its motion for summary judgment.  As stated by the Comptroller, the material facts are as follows:

1. Defendant U.S. Bancorp ("Bancorp") is an Oregon corporation and a multi-bank holding company.

2. Defendant First National Bank in Spokane ("FNBS") is a wholly-owned subsidiary of Bancorp chartered under the National Bank Act.

3. On March 16, 1990, FNBS applied to the Comptroller for approval under the National Bank Act, 12 U.S.C. § 30, to relocate its main office from Spokane, Washington, to Coeur d'Alene, Idaho.

4. On March 16, 1990, Bancorp applied to the Federal Reserve Board ("the Board") ... for approval under the Bank Holding Company Act, 12 U.S.C. § 1842, to relocate FNBS's main office from Spokane, Washington, to Coeur d'Alene, Idaho.

5. Spokane, Washington, is less than thirty miles away from Coeur d'Alene, Idaho.

6. On May 1, 1991, the Comptroller [by letter] approved the [FNBS's] proposed relocation.

7. On February 18, 1992, the Board issued a letter in response to Bancorp's application stating that "no application is required in this case."

8. On February 19, 1992, FNBS moved its main office to Coeur d'Alene, Idaho, and commenced operations there under the name U.S. Bank of Idaho, N.A.

9. On February 21, 1992, the plaintiff State of Idaho filed a petition in the Ninth Circuit Court of Appeals for review of the Board's decision.

Comptroller of the Currency's Statement of Material Facts Not in Dispute, filed March 10, 1992, at 1–2.

As stated above, the Department, in the complaint filed in this action, is challenging the decision of the Comptroller which allowed FNBS to move its main office to Coeur d'Alene and begin operations.  The Department asserts that this decision was in conflict with both federal and state law which deal with the expansion of banks within the state.

## II.  THE COURT'S JURISDICTION

### A.  *Summary of Arguments*

Because this court is a court of limited jurisdiction, it is axiomatic that before this court can address the merits of plaintiff's claims and before it can issue a preliminary injunction, the threshold issue that must be decided is whether this court has subject matter jurisdiction over the claims being asserted.  In support of their motions for summary judgment and motion to dismiss, the defendants have asserted that this court lacks jurisdiction to review the issues that are before it.  The burden, therefore, is on the Department to establish subject matter jurisdiction.  *Stock West, Inc. v. Confederate Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989).  The court will initially address this issue.

Defendants U.S. Bancorp and First National Bank in Spokane, a/k/a U.S. Bank of Idaho, N.A., (hereinafter the Bank defendants), argue in support of their motion for summary judgment that this court lacks subject matter jurisdiction to hear the Department's claims.  Even though the Bank defendants have asserted this claim as support for a summary judgment, the court finds it more appropriate to review this assertion by the Bank defendants as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The Bank defendants argue that this court lacks jurisdiction because the Department's sole complaint with the Comptroller's decision is

---

**1.**  On March 5, 1992, the plaintiff filed a Motion to Amend Complaint.  In the motion, plaintiff asserts that the purpose of the proposed amend-
ed complaint is to allege additional jurisdictional grounds, including 28 U.S.C. §§ 1367 and 1337.

that it is in conflict with the federal and state laws in that the decision to approve the relocation allowed "the expansion of Bancorp into the State of Idaho without the express statutory authorization for such expansion into this state, *as required by the Douglas Amendment to the Bank Holding Company Act, 12 U.S.C. § 1842(d)*." Complaint for Declaratory and Injunctive Relief, filed Feb. 21, 1992, at 5 (emphasis added). Bank defendants assert that under 12 U.S.C. § 1848, the proper forum for judicial relief from a decision involving the Douglas Amendment[2] is the court of appeals. Memorandum in Support of U.S. Bancorp and U.S. Bank of Idaho, N.A.'s Motion for Summary Judgment, filed March 2, 1992, at 4–6. They further argue that the Department's attempt to collaterally attack the decision of the Board by challenging the Comptroller's decision which approved the FNBS relocation, is only an attempt to get this court to tangentially review an issue statutorily reserved for the court of appeals. In addition, the defendants argue that it would be a waste of judicial resources for this court to address the same issue that is already pending before the Ninth Circuit Court of Appeals, as the Department has already requested judicial review of the Board's decision in that forum as well.[3]

The court notes that the Comptroller has also made this same jurisdiction argument in support of its motion to dismiss. The Comptroller argued that the precise legal question in this case—"whether the Douglas Amendment applies to FNBS's relocation"—has already been decided by the Board and a review of that decision is currently pending before the Ninth Circuit Court of Appeals. Memorandum in Support of the Comptroller of the Currency's Motion to Dismiss or in the Alternative for Summary Judgment, filed March 10, 1992, at 6–7 (footnote omitted). The Comptroller, like the Bank defendants, argues that

the Board has exclusive jurisdiction to make these decisions under the Bank Holding Company Act, and that judicial review of these decisions is the exclusive jurisdiction of the court of appeals. *Id.* at 7 (*citing Whitney Nat'l Bank v. Bank and Trust Co.*, 379 U.S. 411, 419–23, 85 S.Ct. 551, 557–59, 13 L.Ed.2d 386 (1965); *BankAmerica Corp. v. Board of Governors*, 596 F.2d 1368, 1374 (9th Cir.1979); *Memphis Trust Co. v. Board of Governors,* 584 F.2d 921, 926 (6th Cir.1978).

The Comptroller also notes that even though the Department cites the National Bank Act for jurisdictional purposes, its claim for relief arises solely under the Douglas Amendment in that the Department has not alleged that the Comptroller violated any specific provision of the National Bank Act. *Id.* at 7, n. 9. The Comptroller argues that the Department cannot now try to circumvent the court of appeal's jurisdiction by attempting to assert a claim against the Comptroller, when the substance of the claim is the same; that is, whether or not the Board's decision regarding the requirements of the Douglas Amendment was a correct interpretation of the law. *Id.* at 8–9.

The Department, in response to the Bank defendants' motion, argues that this court does have jurisdiction in that the principal issue in the case is whether Section 30(b) of the National Bank Act, 12 U.S.C. § 30(b), is in conflict with the Idaho Financial Institution Acquisition Act (FIAA), Chapter 26, Title 26, Idaho Code. Brief in Opposition to Defendants' U.S. Bancorp and First National Bank in Spokane Motion for Summary Judgment, filed March 9, 1992, at 2. The Department asserts that it is this issue which presents a federal question that this court has jurisdiction to review. The Department then attempts to distinguish the cases cited by the Bank defendants as authority for their position. The Department cites the court to *McEnteer v. Clarke*, 638

2. The Douglas Amendment, 12 U.S.C. § 1842(d), requires the Federal Reserve Board to disapprove the "acquisition" of an out-of-state bank by a bank holding company, unless the acquisition is authorized by the law of the acquired bank's state.

3. *State of Idaho, Dept. of Finance v. Board of Governors of Federal Reserve System,* No. 92–70107 (9th Cir. Feb. 24, 1992).

F.Supp. 911, 912 (E.D.Pa.1986), for the proposition that the district court does have jurisdiction over at least similar questions. Brief in Opposition to Defendants' U.S. Bancorp and First National Bank in Spokane Motion for Summary Judgment, filed March 9, 1992, at 3–4. The Department also attempts to factually distinguish *Whitney*, the case cited by the Bank defendants and the Comptroller, and also directs the court's attention to the strong dissent in *Whitney*. *Id.* at 4–5.

In reply to the Department's opposition, the Bank defendants argue that the claimed "conflict" between the National Bank Act and the FIAA asserted by the Department, does not create a federal question in that there is no conflict between these laws because they simply deal with different subjects. Reply Memorandum in Support of U.S. Bancorp and U.S. Bank of Idaho, N.A.'s Motion for Summary Judgment, filed March 11, 1992, at 2. The Bank defendants further assert that the National Bank Act cannot and does not constitute an element of the Department's state law claim. In fact, the position taken by the Department would appear to be just the opposite; that is, that the National Bank Act conflicts with the Department's claim under the Idaho Act.

Furthermore, the Bank defendants assert that the Department's claim regarding the potential conflict of laws, does not exist separate and apart from the Douglas Amendment. Congress, through the Douglas Amendment, specifically authorized the states to enact state statutes similar to the FIAA. Thus, any "acquisition" that does not comply with the FIAA also is in violation of the Douglas Amendment and is invalid as a matter of federal law, and any attempt to enforce this federal law must be brought in the court of appeals. *Id.* at 2–3. The Bank defendants acknowledge that the *Whitney* case cited in their original brief, did not deal directly with the Douglas Amendment; however, the Bank defendants still assert that this case is controlling because the case did deal with another subsection of the Bank Holding Company Act, specifically Section 1842(b), and if it applies to subsection (b), there is no reason

to believe that it doesn't apply to subsection (d) as well. *Id.* at 4. Finally, the Bank defendants elaborate on the judicial economy issue raised in their initial brief. They continue to assert that the Department is attempting to get two courts to address the identical issues, and that this court should dismiss these claims to avoid duplicative effort, confusion, and the potential for conflicting results in the two forums. *Id.*

## III. ANALYSIS

The court, having reviewed the record on this issue and having heard arguments of counsel, finds that the defendants' position regarding this court's lack of subject matter jurisdiction, is well taken. The court simply is not convinced that it has jurisdiction to grant the type of relief requested by the Department. The statutes cited by the Department, both in its original complaint and in its proposed amended complaint, do not override Section 1848 of Title 12 which vests with the court of appeals exclusive jurisdiction to judicially review the Board's decisions. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not grant this court subject matter jurisdiction over particular issues, but instead only allows the court to grant this type of remedy should it first determine it has separate jurisdictional grounds. 28 U.S.C. § 2201(a); *Workman v. Mitchell*, 502 F.2d 1201, 1205 (9th Cir. 1974); *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir.1989). In addition, the federal question statute, 28 U.S.C. § 1331, does not provide this court with jurisdiction in this case because even though the Department cites the National Bank Act, 12 U.S.C. § 21, et seq., as the federal statute in question, the Department's claim for relief is based upon the Douglas Amendment, 12 U.S.C. § 1842(d), and its relation to the National Bank Act. Finally, 28 U.S.C. §§ 1337 and 1367 also do not grant this court jurisdiction over this subject matter in this case, because neither of these sections would override the specific statute which provides that the court of appeals is the proper forum for judicial review. Section 1337, which grants this court original jurisdiction over any proceedings arising

under any Act of Congress regulating commerce, would only be applicable in this case if there was some act of Congress which granted the Department some sort of remedy against the Bank defendants. There is no such "Act of Congress" involved in this case. *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n.,* 656 F.2d 1364, 1366 (9th Cir.1981); *Zimmerman v. Conrail,* 550 F.Supp. 84 (S.D.N.Y.1982). Finally, Section 1367 of Title 28, which grants this court pendent and ancillary jurisdiction in certain situations, only applies in those situations where the court already has original jurisdiction. 28 U.S.C. § 1367(a). As discussed below, this court does not have original jurisdiction to review actions arising out of the Douglas Amendment, and therefore, this section also does not grant this court jurisdiction to hear the claims of the Department.

The main issue to be decided in this case is whether or not the Bank should have been allowed to relocate in Coeur d'Alene, Idaho. Whether we describe the ultimate issue as a review of the Comptroller's decision to allow the relocation, or whether we describe the issue as a review of the Board's decision not to require an application from the bank holding company, is irrelevant in that both reviews will ultimately require a review of the Douglas Amendment, its application to the facts in this case, its effect and relation to Section 30(b) of the National Bank Act, and its effect and relation to state statutory schemes such as the FIAA.

The Department, acknowledging that the court does not have jurisdiction over Douglas Amendment issues, asserts that the "principal issue" in this case is whether the National Bank Act, which it appears this court does have jurisdiction over, is in conflict with FIAA. What seems to be obvious to this court, however, is that that determination will require an interpretation of the Douglas Amendment and its relation to these other federal and state laws. The court agrees with the Comptroller, that the "thrust" of the Department's complaint is that what the Bank defendants and the Comptroller have decided to be a relocation was, in fact, an acquisition. If the court were to get to the merits of the claims asserted by the Department, it is clear that before it could grant the relief requested the court would have to review the decision of the Board to see if the Board complied with the Douglas Amendment. This review is simply statutorily reserved for the court of appeals under 12 U.S.C. § 1848. *Bankamerica Corp. v. Board of Governors,* 596 F.2d 1368, 1374 (9th Cir.1979); *Centerre Bancorporation v. Kemper,* 682 F.Supp. 459, 462 (E.D.Mo.1988).

The complaint itself, in paragraph VIII, asserts that the Comptroller's decision to approve the relocation was in conflict with both a federal statute [National Bank Act] and a state statute [FIAA], in that the approval allowed Bancorp to expand its operations into Idaho without the state's approval, *"as required by the Douglas Amendment to the Bank Holding Company Act."* Complaint at 5 (emphasis added). Therefore, before the court could determine if the decision was in conflict with those laws, it would first have to interpret what is "required" by the Bank Holding Company Act's Douglas Amendment. The court cannot make this determination because the Bank Holding Company Act vests original jurisdiction with the Federal Reserve Board and limits judicial review of the Board's decisions to the court of appeals. *Whitney Nat'l Bank v. Bank of New Orleans,* 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965).

Furthermore, the court finds it relevant to note that the Department has already instituted an action before the Ninth Circuit Court of Appeals to seek relief from the Board's decision. Thus, the Department will have its day in court and will be allowed to present its arguments before the circuit as to why it believes that the so-called relocation was in fact an acquisition by Bancorp. This is the ultimate question that must be answered before the Department can obtain any of its requested relief. It is this question that also must be exclusively decided by the Ninth Circuit Court of Appeals. To allow the Department to maintain this action before this court would seem to undermine the intent of Congress in enacting the Bank Holding Company Act and the Douglas Amendment thereto,

would promote piecemeal litigation, and could result in two courts reaching opposite conclusions on the same issues, none of which would appear to be in the best interests of the public and the parties involved in this litigation.

## IV. ORDER

Based upon the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Defendants U.S. Bancorp and U.S. Bank of Idaho, N.A.'s Motion for Summary Judgment, which has been construed by this court to be a motion to dismiss for lack of subject matter jurisdiction, filed on March 2, 1992, should be, and is hereby, GRANTED and plaintiff's claims against these defendants are hereby DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Defendant Comptroller of the Currency's Motion to Dismiss or in the Alternative for Summary Judgment, filed on March 10, 1992, should be, and is hereby, GRANTED and plaintiff's claims against this defendant are hereby DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's Motion for Preliminary Injunction, filed on February 27, 1992, is MOOT and should be, and is hereby, DENIED.