In re CANDY BRAZ, INC., Debtor.

**AMERICAN TOBACCO COMPANIES,**
**et al., Plaintiffs,**

v.

**Bernard C. CHAITMAN, Trustee of the**
**Estate of Candy Braz, Inc., et al.,**
**Defendants.**

Nos. 85 C 7359, 85 B 0724.
Adv. No. 85 A 0555.

United States District Court,
N.D. Illinois, E.D.

April 21, 1986.

Edward Rothe, Chicago, Ill., for plaintiffs.

Richard J. Witry, McCarthy, Duffy, Neidhart, & Snakard, Michael Torrence Jordan, Roxolana Harasymiw, Andrew Cardaras, Steven B. Towbin, Towbin & Zazove, Ltd., E. James Gildea, William Kelly, Law Offices of E. James Gildea, Antonio J. Curiel, Chicago, Ill., for defendants.

Dean C. Harvalis, U.S. Trustee, Chicago, Ill.

## MEMORANDUM OPINION
## AND ORDER

ANN C. WILLIAMS, District Judge.

On January 2, 1986, this court denied the Trustee's motion to withdraw reference of

**4**

this adversary proceeding presently pending before Bankruptcy Judge Hertz. In denying the motion, the court stated that a determination of whether the interest of judicial economy could best be served by the withdrawal would be aided by the repleading of the complaint in conformity with Fed.R.Civ.P. Rule 8. Noting that the Trustee had already filed a motion before Judge Hertz requesting a repleading of the complaint in conformity with Rule 8, this court granted the Trustee leave to refile the motion to withdraw, if Judge Hertz ordered the repleading of the complaint. On January 30, 1986, Judge Hertz determined that the adversary proceeding is a core proceeding under 28 U.S.C. § 157(b). He also ordered the defendants there, including the Trustee, to answer the complaint. A pretrial schedule was also set. Judge Hertz also denied the Trustee's motion requesting that the plaintiffs replead their complaint.

Thus it is not clear to this court what, if any, "noncore" issues are raised by the adversary complaint. Nor has the Trustee identified the non-core matters. Moreover, even if non-core matters are involved, 28 U.S.C. § 157(c)(1) authorizes the bankruptcy court to hear them, subject to review by the district court. Therefore, the possible existence of non-core matters is an insufficient reason for withdrawal of the reference.

The Trustee also argues that if withdrawal is not ordered he might be subject to inconsistent factual determinations. However, the right of review in this court from any final order of the bankruptcy court, pursuant to Section 157(c)(1), and the right to appeal to this court from any inter-locutory and final orders under Section 158, insures that this will not happen.

Finally, the Trustee in his reply brief raises a new argument. Apparently in answering the adversary complaint, the Trustee filed a cross-claim for violation of RICO (18 U.S.C. § 1961 *et seq.*). This cross-claim is virtually identical to the Trustee's claim in this court (No. 85 C

6363). If this cross-claim is allowed to stand withdrawal of reference will be mandatory under § 157(d). This "bootstrap" approach must fail. There is no need to withdraw the reference because of the RICO claims, since the court already has such claims before it in 85 C 6363. Here the court notes that the plaintiffs in the adversary proceeding have filed a motion with Judge Hertz to strike the cross-claim. They argue that, since the same claim is pending in 85 C 6363, the cross-claim violates the doctrine of "circuitry of action." If the motion is granted that will leave the entire proceeding with the bankruptcy court, which is best equipped to adjudicate these matters.

Since the Trustee has failed to show cause for withdrawal of the reference, and the adversary complaint does not involve matters of federal law other than chapter 11, the motion to withdraw is denied.