## BUSINESS COMMUNICATIONS, INC.

v.

## Martin B. FREEMAN, et al.

### No. 91 C 2048.

United States District Court,
N.D. Illinois.

July 11, 1991.

Stephen E. Smith, Gregory J. Jordan, Law Offices of Stephen Edward Smith, Chicago, Ill., for plaintiff.

Peter D. Sullivan, Michael Bruck, Hinshaw & Culbertson, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Business Communications, Inc. ("BCI"), the debtor in this Chapter 11 bankruptcy, initiated an adversary proceeding against its accountants, Martin B. Freeman, James E. Scanlon, and John B. Keefe—individually and as partners in the accounting firm of Freeman, Scanlon & Keefe. BCI accuses defendants of failing to provide certain accounting services and of committing various acts of misconduct. In its six-count complaint, BCI seeks compensatory and punitive damages under several legal theories, including breach of contract, accountants' malpractice, gross negligence, breach of fiduciary duty, and conversion.

Defendants have demanded a trial by jury. Arguing that the bankruptcy court is not empowered to preside over a jury trial, defendants move to withdraw the adver-

sary proceeding from the bankruptcy court.

■ The district court may, "for cause shown," withdraw any case or proceeding that has been referred to the bankruptcy court. 28 U.S.C. § 157(d). If defendants are entitled to a jury trial, and the bankruptcy court does not have the authority to conduct the trial, there is sufficient cause to withdraw the reference. *In re New York City Shoes, Inc.*, 122 B.R. 668, 673 (E.D.Pa.1990). Both sides agree that this is a noncore proceeding and that defendants are entitled to a trial by jury.

■ Assuming, without deciding, that the parties have correctly characterized this proceeding as a noncore jury matter (and that the bankruptcy court is not authorized to conduct a jury trial), this court does not believe that it is necessary to withdraw the reference at this time. "The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready." *In re Adelphi Inst., Inc.*, 112 B.R. 534, 538 (S.D.N.Y.1990); *see also In re Colbert*, 117 B.R. 51, 54 (Bankr.D.Conn.1990). Prior to that time, the bankruptcy court may properly resolve pretrial interlocutory questions. *Adelphi*, 112 B.R. at 539; *In re THB Corp.*, 94 B.R. 797, 803 (Bankr. D.Mass.1988). As far as dispositive motions are concerned, the bankruptcy court can make recommendations based on its proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1).

Since this court is required to review the bankruptcy judge's findings prior to the entry of a final order, *id.*, defendants assert that an immediate withdrawal is in the interest of judicial economy. Essentially, defendants argue that it is a waste of judicial resources for the bankruptcy court to decide an issue that is subject to the de novo review of this court. This court disagrees. The bankruptcy judge is in the best position to monitor the progress of the litigation as he is overseeing the bankruptcy. From his vantage point, the bankruptcy judge can ensure the uniform, efficient administration of the bankruptcy estate. There is nothing to suggest that the bankruptcy judge's supervision over pretrial matters will be detrimental to the estate or otherwise inconsistent with the long-term goals of the reorganization.

Quite simply, defendants have not shown that they will suffer any measurable injury or prejudice if the case is not withdrawn now. Absent any evidence that the adversary proceeding cannot be handled expeditiously by the bankruptcy judge, the court sees no reason why the case must be withdrawn at this preliminary stage of the litigation. Accordingly, defendants' motion to withdraw reference is denied without prejudice. Defendants may renew their motion when the case is ready for trial.