In re John A. ANDREWS, Debtor.

Richard G. HALL, Trustee, Plaintiff,

v.

John and Helen ANDREWS, Defendant.

Richard G. HALL, Trustee, Plaintiff,

v.

Helen ANDREWS, Defendant.

Richard G. HALL, Trustee, Plaintiff,

v.

CATHERINEBERG FUND, Defendant.

Richard G. HALL, Trustee, Plaintiff,

v.

TUCKER, FLYER, & LEWIS, Defendant.

Bankruptcy No. 92–14879–AT.
Adv. Nos. 94–1480, 94–1482 to 94–1484.

United States Bankruptcy Court,
E.D. Virginia, Alexandria Division.

Oct. 1, 1995.

Wayne G. Travell, Tucker, Flyer & Lewis, Washington, DC, for Debtor.

Robert Mayer, Fairfax, VA, for Trustee.

Lawrence Brooke, Annandale, VA, for Trustee.

### AMENDED MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held May 17, 1995, on defendants' motions to reconsider the denial of jury trials in four adversary proceedings pending in this court. The court took the matters under advisement. For the reasons stated in this memorandum opinion, defendants' motions are denied.

#### Findings of Fact [1]

The chapter 7 trustee of Debtor John A. Andrews has filed numerous adversary proceedings against debtor and entities related

1. Because most of the facts surrounding the motion to reconsider are undisputed, the court will not make extensive findings of fact.

to debtor. Through the same counsel Defendants John and Helen Andrews, Helen Andrews, Catherineberg Fund Limited Partnership, and Tucker, Flyer, & Lewis filed demands for jury trial. Defendants failed to file the demands for jury trial within the time periods prescribed in Fed.R.Civ.P. 38. There was no evidence of extraordinary circumstances which would require granting an untimely demand for a jury trial. Accordingly, on April 27, 1995, the court denied the jury requests in adversary proceedings 94–1483 and 94–1484 as untimely filed. In addition, in adversary proceedings 94–1480 and 94–1484, the court denied the request as to Counts I and II of the complaints.

### Position of Parties

Defendants move for reconsideration of the court's orders, alleging that the Federal Rules of Bankruptcy Procedure do not provide a time period upon which a jury demand must be made. Accordingly, defendants claim that their demands were timely. In the alternative, defendants assert that even if the demands were untimely, the court should exercise its discretion and grant the demands.

### Discussion and Conclusions of Law

■ Pursuant to Fed.R.Civ.P. 38(b),

[a]ny party may demand a trial by jury of any issue triable of right by jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than 10 days* after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

(emphasis added). Furthermore, pursuant to Fed.R.Civ.P. 38(d), "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury...."

In March 1987, Congress abrogated Fed. R.Bankr.P. 9015 which had mirrored the language of Fed.R.Civ.P. 38. The rule was not deleted for procedural reasons but rather was deleted because it had "been cited as conferring a [substantive] right to jury trial in other matters before bankruptcy judges." *See* 1987 Advisory Comm. Note, Fed. R.Bankr.P., adopted August 1, 1987; *see also Leonard v. Wessel (In re Jackson),* 90 B.R. 126, 132 (Bankr.E.D.Pa.1988), *aff'd,* 118 B.R. 243 (E.D.Pa.1990).

■ Accordingly, even though the Federal Rules of Bankruptcy Procedure do not specifically incorporate Fed.R.Civ.P. 38, the court should borrow the provisions of Fed. R.Civ.P. 38(b) to determine when a valid jury demand has been made. *See After Six, Inc. v. Sharpe's Formal Specialties, Inc. (In re After Six, Inc.),* No. 93–11150DAS, 94–0940 DAS, 1995 WL 108209 (Bankr.E.D.Pa. Mar. 7, 1995).[2] The Suggested Interim Bankruptcy Rule 3(a) of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States also renders bankruptcy proceedings subject to Fed. R.Civ.P. 38. Common sense dictates that there must be some time limitations on jury demands. And efficient administration of litigation requires "some standards for determining when a valid jury demand has been made...." *In re After Six, Inc.,* 1995 WL 108209, at *5.

■ Furthermore, Local Rule 408 of the United States Bankruptcy Court for the Eastern District of Virginia provides that "[i]n any jury trial conducted in the Bankruptcy Court, the Local Rules of the United States District Court for the Eastern District of Virginia shall apply to the extent that they govern matters pertaining to the conduct of jury trials." Local Rule 20 of the United States District Court for the Eastern District of Virginia provides that "[a]ny demand for jury must be in writing and filed *strictly in accordance with Rule 38, Federal Rules of Civil Procedure.*" (emphasis added). Accord-

---

**2.** This result is further supported by the numerous bankruptcy decisions which apply Fed. R.Civ.P. 38 without a discussion of relevant bankruptcy rules. *See Vista Metals Corp. v. Metal Brokers Int'l,* 161 B.R. 454 (E.D.Wis.1993); *Offi-* cial Comm. Of Unsecured Creditors v. Ganz (In re Summit Airlines, Inc.),* 160 B.R. 911 (Bankr. E.D.Pa.1993); *Hughes–Bechtol, Inc. v. Ohio (In re Hughes–Bechtol, Inc.),* 141 B.R. 946 (Bankr. S.D.Ohio 1992).

ingly, attorneys are on notice that the standards of Fed.R.Civ.P. 38 apply in bankruptcy proceedings filed in this district.[3]

ACCORDINGLY, the court has entered separate orders denying defendants' motions for reconsideration.

---

3. Defendants' counsel claims that Local Rule 408 applies to jury matters only after a demand has been granted and not to the demand for a jury trial. In support of his proposition, counsel cites the language of Rule 408 which states "the *conduct* of jury trials." (emphasis added). The court finds that the use of the word "conduct" does not require limiting Rule 408 to jury matters occurring after a demand has been granted.