### In re ADLER, COLEMAN CLEARING CORP.

**Edwin B. Mishkin, Plaintiff,**

v.

**Roy Ageloff, et al., Defendants.**

**No. 97 CIV. 2690(VM).**

United States District Court,
S.D. New York.

Dec. 7, 2001.

Thomas J. Maloney, Cleary, Gottlieb, Steen & Hamilton, New York City, for Edwin B. Mishkin.

Richard M. Asche, Litman, Asche, Lupkin & Gioiella, New York City, for Roy Ageloff.

Andrew B. Schultz, Lake Success, NY, for Ronan Garber.

David J. Aronstam, David J. Aronstam, New York City, for Mark A. Mancino.

Paul Frank Condzal, New York City, for Chris Wolf, John Lembo.

Randy M. Ashenfarb, pro se.

Michael P. Gilmore, Wexler & Burkhart, Mitchell Field, NY, for Earl Rusnak.

David Molton, Buchanan Ingersoll, New York City, for Danny Garber.

### DECISION AND ORDER

MARRERO, District Judge.

On September 17, 2001, Fiero Brothers, Inc. (hereinafter "Fiero") requested, by

letter, a conference with the Court to discuss a contemplated motion to withdraw the reference of its adversary proceeding from the United States Bankruptcy Court for the Southern District of New York. Although Fiero is not a party to any pending action here, the Court granted Fiero's request, noting the possible relationship of Fiero's request to the issues presented in *Mishkin v. Ageloff (In re Adler, Coleman)*, 97 Civ. 2690, currently on this Court's suspense calendar. At the October 5, 2001 conference, Fiero confirmed its intention to move to withdraw the reference of its adversary proceeding from the bankruptcy court. The Court issued a briefing schedule and requested that the parties submit letter briefs, which they did provide on October 19 and October 24, 2001. Although the Trustee of Adler, Coleman Clearing Corp. (hereinafter "Trustee") did not object to the withdrawal, it raised a number of caveats with respect to the appropriateness and timing of Fiero's motion.

Fiero has moved to withdraw the reference pursuant to 28 U.S.C. § 157(d), which states:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 *and* other laws of the United States

regulating organizations or activities affecting interstate commerce.

*Id.* (emphasis supplied). Fiero contends that both the mandatory and permissive grounds for withdrawal support its motion. For the reasons set forth below, the motion to withdraw the reference is denied without prejudice.

### *Mandatory Withdrawal*

■ Several courts have cautioned that the mandatory withdrawal provision of § 157(d) should be construed narrowly, because "this sentence of Section 157(d), if read literally, would eviscerate much of the work of the bankruptcy courts." *O'Connell v. Terranova (In re Adelphi Institute, Inc.)*, 112 B.R. 534, 536 (S.D.N.Y.1990). In the absence of a narrow construction, § 157(d) may simply serve as an "escape hatch" for matters that are properly before the bankruptcy judge.[1]

■ Fiero asserts that "the reference here is mandatory because [Fiero] has demanded a jury trial *and* adjudication of this matter requires significant interpretation of a number of non-bankruptcy federal statutes, including novel issues under RICO, the Securities Exchange Act of 1934 (as amended) and the Sherman Antitrust Act." (Fiero Brother's Letter of Oct. 19, 2001 (hereinafter "Fiero Letter"), at 1).[2] Assuming, for the moment, that the adversary proceeding in fact raises substantial and novel issues of non-bankruptcy law—an assertion which is by no means undisputable—the more critical issue is the timing and ripeness of Fiero's motion.

---

1. In *United States v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 63 B.R. 600, 602 (S.D.N.Y.1986), the court noted:

    It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straightforward application of a federal statute to a

particular set of facts. It is issues requiring significant interpretation of federal laws that Congress would have intended to have decided by a district judge rather than a bankruptcy judge.

2. The Fiero Letter is attached as an exhibit to this Order.

At the October 5 pre-motion conference and in their letter briefs, the parties are in complete agreement that the adversary proceeding has not yet advanced to a trial-ready posture. First, although fact discovery has been completed, the parties have represented that expert discovery is pending. Second, the parties concede that there will be one additional round of potentially dispositive pre-trial motions before the case will be ready to proceed to trial. Thus, Fiero's right to trial by jury is not even implicated at this stage in the adversary proceeding.

Under similar circumstances, courts in this District have held that withdrawal is not mandatory under § 157(d). In *Adelphi*, 112 B.R. at 538, the court held that the bankruptcy court was legitimately authorized to oversee proceedings that had not yet ripened to trial-ready status, notwithstanding the assertion of a party's right to trial by jury:

> Assuming for present purposes that the Terranovas are correct in their assessment of the "non-core" nature of this proceeding and of their Seventh Amendment jury rights (complex issues in themselves which the Terranovas have not briefed), there is no need for withdrawal of the proceeding to an Article III court now, given the pre-trial posture of the case. The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.

*Id.* (citations omitted); *see also Hassett v. Citicorp North America, Inc. (In re CIS Corp.)*, 188 B.R. 873 (S.D.N.Y.1995); *Keene Corp. v. Williams Bailey & Wesner, L.L.P. (In re Keene Corp.)*, 182 B.R. 379, 385 (S.D.N.Y.1995) ("While it is clear that the bankruptcy court may not conduct a jury trial in this non-core proceeding, it

does not necessarily follow that the reference must be withdrawn at this time.... Therefore, the motion to withdraw the reference is not ripe at this time and will only become ripe if and when this matter proceeds to trial.").

Fiero sits in a posture similar to the movants in the cases cited above. Expert discovery is in progress, and more importantly, dispositive pre-trial motions not requiring a trial by jury remain to be decided. These motions, when decided, may substantially narrow or even decisively dispose of triable issues. Judicial economy would be promoted by enabling the matter to proceed to trial in the district court, if at all, on a more focused record and by providing the district court the benefit of the analyses and insight of the bankruptcy court's consideration of any dispositive motions. Thus, Fiero cannot avail itself of the mandatory withdrawal provision of § 157(d) at this stage in its adversary proceeding, when the matter is far from trial-ready.

### *Permissive Withdrawal*

■ There remains the issue of whether, as Fiero contends, this Court should exercise its authority under § 157(d) and entertain a permissive withdrawal of the adversary proceeding. In *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680, 685 (S.D.N.Y.1995), the court outlined several factors to consider in a motion for permissive withdrawal: (1) whether the claim or proceeding is core or non-core; (2) whether it is legal or equitable; (3) considerations of efficiency; (4) the prevention of forum shopping; and (5) uniformity in the administration of bankruptcy law. Fiero contends that "[a]s the jury trial of this matter will undoubtedly proceed, if at all, before this Court, judicial economies dictate that the post-discovery pre-trial phase proceed before this Court too." (Fiero Letter, at 2). The Court disagrees.

The bankruptcy proceeding underlying the adversary proceeding has been pending before the bankruptcy court for approximately six years. The bankruptcy judge is intimately familiar with the facts of both proceedings and stands in the best position to oversee the interests of both the estate and the parties. It is precisely for these reasons, that the court in *Keene* noted that, "[j]udicial economy is best served by allowing the bankruptcy court to handle the initial phases of this litigation." *Keene*, 182 B.R. at 385; *see also Business Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D.Ill.1991) ("the bankruptcy judge is in the best position to monitor the progress of the litigation as he is overseeing the bankruptcy. From his vantage point, the bankruptcy judge can ensure the uniform, efficient administration of the bankruptcy estate.").

The Court finds that the rationales in *Keene* and *Freeman* suggest the more efficient and economic resolution to the present motion. Because the bankruptcy court is in the best position to assess the claims of the parties and the interests of the estate, judicial resources will be conserved by having the bankruptcy court retain its oversight of the remaining discovery stages and of the potentially dispositive pre-trial motion practice.

It is true, as Fiero points out, that in an earlier phase of the bankruptcy proceedings, the District Judge originally assigned to this case granted the Trustee's motion to withdraw the reference of three related adversary proceedings. *See Mishkin v. Ageloff*, 220 B.R. 784, 799 (S.D.N.Y.1998). But as the Court noted then, not every adversary proceeding, and thus, not every motion to withdraw the reference, are alike: "[t]his inquiry is necessarily fact specific, and absent a decision involving virtually identical claims on an equally identical set of facts, reference to prior decisions is of marginal assistance." *Id.* at 796. This Court notes that the prior withdrawal involved substantial legal issues of first impression regarding the interaction of bankruptcy and non-bankruptcy laws, specifically an issue relating to the discovery stay provision of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b)(3)(B). *Id.* at 797–799.

Unquestionably, Fiero has raised difficult legal issues in its adversary proceedings, but complexity of issues is almost always present in cases involving RICO, the federal antitrust laws and the Securities Exchange Act. The Court is not convinced, however, that Fiero raises a substantial legal issue of first impression necessitating an interpretation of both bankruptcy and non-bankruptcy law of the magnitude in the prior withdrawal.

In short, Fiero has not persuaded the Court that there are sufficient grounds to withdraw the reference of its adversary proceeding at this time under either the mandatory or permissive provisions of § 157(d). Given the current phase of the adversary proceeding and considerations of judicial economy, the Court holds that the proper course of action is to allow the proceeding to mature under the supervision of the bankruptcy judge until the matter is ready for trial.

### ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Fiero's motion to withdraw the reference of its adversary proceeding from the bankruptcy court is denied, without prejudice to its renewal, if and when the case is ready to proceed to trial.

**SO ORDERED.**